[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPEAL FROM THE EMPLOYMENT SECURITY APPEALS DIVISION, BOARD OF REVIEW
In this matter the administrator found that the plaintiff had been overpaid for certain unemployment benefits because he had voluntarily left his job for reasons which were neither compelling nor job connected.
Plaintiff did not file a timely appeal of this decision. The appeals referee found the following at paragraphs three, four and five of his decision:
 3. The claimant most assuredly did receive the determination sent to him on April 29, 1988. He did nothing in the way of taking an appeal from this determination prior to May 21, 1988, and the determination finalized on that date.
 4. On May 25, 1988 the claimant took the very copy of the April 29th determination which was sent to him and wrote on the back of the determination that he "didn't know what (the CT Page 2938 Administrator) was talking about." The determination letter was then mailed back to the Administrator, postmarked May 25th and the claimant's protest was received by the Administrator's Benefit Payment Control Unit on May 26, 1988. (See Exhibit "B", obverse and reverse.)
 5. At the hearing of this appeal the claimant flatly denied that he had ever received the April 29th determination, thus, offering no explanation as to why he had not made his appeal from said determination prior to May 21, 1988. [Emphasis in original.]
The decision of the referee was mailed on June 23rd, 1988 and the defendant appealed to the Board of Review on June 24th, 1992. Connecticut General Statutes 31-248 provides that an appeal from a referee's decision must be postmarked or filed with the Board of Review within 21 calendar days after the referee's decision was mailed to the appellant. This requirement is waived if the appellant can show good cause for filing a late appeal. The Board of Review found that the plaintiff offered no explanation for this delay.
At the hearing on this appeal, plaintiff offered dates when he was incarcerated which have no bearing on this matter. Accepting those dates as accurate, he was arrested on August 26, 1988, which was well after the period of time within which he should have appealed the referee's June 23rd, 1988 decision.
As the appeal was untimely and no good reason was shown for the delay, the action of the Board of Review was proper and this appeal is, therefore, dismissed.
E. EUGENE SPEAR, JUDGE CT Page 2939